DeMOSS, Circuit Judge,
dissenting:
Because the majority opinion unnecessarily expands the law in an area in which I believe we have already strayed too far from the text of the Constitution and because affirming the district court’s decision would promote the resolution of Appel-lanWRenda’s state law claims in the more appropriate state court forum, I respectfully dissent.
A.
The portion of the First Amendment of the U.S. Constitution relevant to this case reads, “Congress shall make no law ... abridging the freedom of speech.” U.S. Const, amend. I. Although I disagree with the premise that the Fourteenth Amendment was intended to make the First Amendment applicable to the States, necessitating the transformation of the quoted text into “Neither Congress nor any State or State entity shall make any law abridging the freedom of speech,” I am forced to recognize, at a minimum, this judicial interpretation. What I cannot recognize is the majority’s transformation of the ten words quoted above into the following passage:
A city council of a city organized under the laws of any State shall not deny the award of any contract for public services that is subject to competitive bidding to any corporation on the grounds that such corporation has previously filed suit against another governmental entity organized under the laws of the State alleging that such other governmental entity required the corporation to take actions contrary to local state law.
The majority deems this transformation necessary per the Supreme Court precedent it cites, but I tend to agree with Justice Scalia that the precedent is questionable, and I am dismayed that the majority feels the need to expand upon it. I also have serious doubts about the majority’s treatment of the term “public concern” in the free speech context.
First, as mentioned above, the Free Speech Clause contains but ten words. *387 The power to amend those words lies with the Congress and the States. U.S. Const. art. V. Although I do not here go so far as to accuse the Supreme Court of usurping the power to amend, I agree with Justice Scalia that “when a practice not expressly prohibited by the text of the Bill of Rights bears the endorsement of a long tradition of open, widespread, and unchallenged use that dates back to the beginning of the Republic, [the courts] have no proper basis for striking it down.” Rutan v. Republican Party of Ill., 497 U.S. 62, 95, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (Scalia, J., dissenting).
Second, neither the Supreme Court precedent cited by the majority nor any other Supreme Court case I have found has recognized a cause of action accruing in a corporation that alleges that its right to free speech has been infringed by a governmental entity. And I see no reason to continue to expand the law in the free speech context. Further, as a corporation, Renda (i) is not eligible to vote in any state or federal election; (ii) is not eligible to run for or hold any public office; (iii) is not eligible to be a member of any political party; (iv) is not eligible in Texas to make any contribution to any political candidate, and its ability to contribute funds to support a political party is severely limited; (v) cannot be an employee of any governmental entity; and (vi) is not counted as a “person” in any census, and therefore its existence has no influence on the composition of state legislative or congressional districts. While I realize that the Supreme Court has recognized some sort of free speech right in corporations with respect to the promotion, advertisement, and sale of their respective products and services, I do not see any good reason, and the majority has not provided one, to expand the free speech right of corporations in this context where even the Supreme Court has yet to do so.
Third, whatever the controversy between the El Paso Water District, Renda, and the City of Socorro was, I am convinced it was not a matter of public concern to the citizens of Lubbock County, some 450 miles away from El Paso County. In this vein, I note that Renda’s home office is in the suburbs of Dallas/Forth Worth in Denton County, some 300 miles from Lubbock County and in the opposite direction from El Paso County.
Again, expansion of free speech rights in this case is inappropriate because we have already lost sight of the text of the Free Speech Clause; corporations have not previously been given the same broad free speech protection as individuals; and the notion of “public concern” is here stretched beyond recognition.
B.
I also dissent because I am bothered by the effect of the majority’s decision on the course of the litigation between Renda and the City of Lubbock. I believe that affirming rather than reversing Judge Cummings’s decision would better serve the interest of federalism in providing the best forum for the resolution of the real controversy between Renda and the City of Lubbock. It appears from the pleadings and Judge Cummings’s statement of the facts that the dollar amount of Renda’s bid was less than the dollar amount of the winning bid. Under Texas law, a city contract for a civil engineering construction project must be awarded to the “lowest responsible bidder.” Tex. Local Gov’t Code § 252.043(d)(1). To me, the real controversy in this case is whether the City of Lubbock met that obligation; and that issue should be decided in state court, where the court would be best able to determine, under Texas law, the scope of the City’s discretion in determining which bidders qualify as “responsible” bidders.
*388 For the foregoing reasons, I would affirm the decision of the district court.